## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

| | |
|---|---|
| **JOHN MICHAEL WOODRUFF**, | |
| Appellant, | Civil Action No. 7:19-CV-216 (HL) |
| v. | Appeal from United States Bankruptcy Court, Case No. 17-70070-JTL |
| **WALTER W. KELLEY, TRUSTEE,** | |
| Appellee. | |

## ORDER

Before the Court is Appellee Walter W. Kelley, Trustee's ("Trustee") Motion to Dismiss Appeal. (Doc. 7). On August 19, 2020, Appellant John Michael Woodruff and the Trustee, through counsel, appeared before the Court via Zoom video conference. After review of the record and consideration of the parties' arguments, the Court **GRANTED** the Trustee's motion to dismiss Appellant's appeal. This order memorializes that ruling.

## I.   BACKROUND

This appeal arises from an adversary proceeding in the United States Bankruptcy Court for the Middle District of Georgia between the debtor, Appellant John Michael Woodruff, and Appellee Walter W. Kelley, the Trustee. In his adversary complaint, Woodruff alleged that the Trustee received funds Woodruff inherited and erroneously applied those funds to Woodruff's bankruptcy estate. (Doc. 1, p. 52). In response, the Trustee filed a motion for sanctions under

Federal Rule of Civil Procedure 11, made applicable to the bankruptcy proceedings through Federal Rule of Bankruptcy Procedure 9011. The bankruptcy court concluded that Woodruff violated Rule 9011 when he filed his complaint to commence the adversary action and granted the Trustee's motion for sanctions, thereby dismissing the adversary proceeding. (Id. at p. 62).

In its memorandum opinion granting the Trustee's motion for sanctions, the bankruptcy court found that Woodruff's complaint "was offered for an improper purpose"; "is not warranted by existing law and advocates a frivolous position"; and that Woodruff "failed to adequately support the facts pleaded in the complaint." (Id. at p. 59). The bankruptcy court further highlighted Woodruff's extensive history of harassment and attempts to hinder or delay litigation. (Id. at p. 56). As the bankruptcy court also pointed out, "while [Woodruff] is not an attorney and is acting Pro Se, the Federal Rules of Bankruptcy Procedure apply not only to legal practitioners—the Rules apply to all persons who submit writings to the Court. [Woodruff] has had many past experiences with legal proceedings." (Id. at p. 59).

Woodruff filed his Notice of Appeal in the bankruptcy court on December 22, 2019. (Id. at p. 49). On December 23, 2019, the bankruptcy court issued a letter to both Woodruff and the Trustee, indicating that a notice of appeal had been filed and transmitted to the district court. (Doc. 7-1). The letter further explained Woodruff's obligations under Federal Rule of Bankruptcy Procedure

8009 to file a designation of items to be included in the record on appeal and a statement of issues within fourteen days. (Id.). Then, on January 28, 2020, this Court issued the parties a notice setting forth the Court's briefing schedule pursuant to Federal Rule of Bankruptcy Procedure 8018. (Doc. 6).

On January 31, 2020, the Trustee filed a motion to dismiss Woodruff's appeal. The Trustee argues that under Rule 8009, Woodruff was required to file and serve a designation of items and statement of issues on appeal within fourteen days of the docketing of the appeal but did not. During arguments held on August 19, 2020, the Trustee further argued that Woodruff's appeal should be dismissed for failing to file his initial brief within thirty days after entry of the appeal on the docket pursuant to Rule 8018.[1]

## II.    DISCUSSION

Federal Rule of Bankruptcy Procedure 8009(a)(1) provides that within fourteen days of the entry of the notice of appeal, "[t]he appellant must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented." Woodruff filed his notice of appeal on December 22, 2019. The bankruptcy court

---

[1] Because Woodruff did not have notice of the Trustee's secondary argument prior to the hearing, the Court declines to dismiss Woodruff's appeal under Rule 8018 and instead dismisses the appeal based on Woodruff's failure to comply with the requirements of Rule 8009. However, the Court has taken Woodruff's failure to file his initial brief into consideration when addressing Woodruff's indifference to prosecuting his appeal.

transmitted the appeal to the district court on December 23, 2019, and the appeal was docketed that same date. Woodruff accordingly had until January 6, 2020, to submit his designation of items and statement of issues. He did not.

"[A]lthough we are to give liberal construction to the pleadings of *pro se* litigants, we nevertheless have required them to conform to procedural rules." Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) (quotation marks omitted). "Liberal construction does not mean liberal deadlines." Vanderberg v. Donaldson, 259 F.3d 1321, 1326 (11th Cir. 2001) (quotation marks and citation omitted). An appellant's failure to take any step beyond the timely filing of a notice of appeal does not affect the validity of the appeal; however, such failure does provide grounds "for the district court . . . to act as it considers appropriate, including dismissing the appeal." Fed. R. Bankr. P. 8003(a)(2). Dismissal of a bankruptcy appeal "is proper only when bad faith, negligence or indifference has been shown." Brake v. Tavormina (In re Beverly Mfg. Corp.), 778 F.2d 666, 667 (11th Cir. 1985). "[S]uch a standard better serves the policy underlying the rule [because] [t]ime limits for filing . . . are designed to encourage swift prosecution of appeals." Id. Dismissal accordingly is appropriate "in cases showing consistently dilatory conduct or the complete failure to take any steps other than the mere filing of a notice of appeal." Id.

Woodruff has made no effort to comply with the procedural requirements for pursing his bankruptcy appeal. According to Woodruff, immediately after filing

4

his notice of appeal, he was "emergently called away for approximately two weeks." (Doc. 10, ¶ 7). He explained to the Court that he was a victim of crime and that he had to "jet" and to "disappear" for several weeks until matters resolved. Woodruff claimed that he did not receive any of the bankruptcy court's notices until January 10, 2020. (Id.). Nevertheless, Woodruff never communicated with the Court regarding these extenuating circumstances, nor did Woodruff request that the Court extend the deadlines for filing. Woodruff attempts to absolve himself from compliance with the rules of procedures by arguing that any deficiency was cured when the bankruptcy court transmitted the bankruptcy record to the district court and, therefore, that the Trustee has not been prejudiced by his failure to file a designation of items and statement of issues on appeal. (Id. at ¶¶ 3, 5, 7).

The facts in this case demonstrate clear negligence or indifference, "or a cavalier attitude regarding them." YMR Fashions Corp. v. McGregor, 173 B.R. 750, 753 (M.D. Ala. 1994). Woodruff does not deny knowledge of the requirements for appealing a decision from the bankruptcy court. In fact, this Court recently dismissed another appeal filed by Woodruff on a similar basis. See Woodruff v. Kelley, No. 7:18-CV-2 (HL). And yet even now, nearly seven months after the Trustee filed his motion to dismiss, Woodruff has taken no steps to try to cure any procedural defect or to otherwise pursue his appeal beyond the

5

mere filing of his notice of appeal. Under the circumstances presented, dismissal of Woodruff's appeal is appropriate.

## III.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Appellee's Motion to Dismiss. (Doc. 7). Appellee's Motion to Reconsider Granting Application to Be Excused from Paying Fees and Costs (Doc. 9) is **DENIED** as moot.

**SO ORDERED**, this 24th day of August, 2020.


_s/ Hugh Lawson_____
**HUGH LAWSON, SENIOR JUDGE**

aks

6